UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT MOYER, Plaintiff, | : | |
| v. | : | No. 18-cv-02267 |
| ARAMARK;<br>KENT DAHLQUIST, *Individually and as an Employee of Kutztown University*;<br>GERALD SILBERMAN, *Individually and as an Employee of Kutztown*;<br>JOHN DOE,[1] *Individually and as an Employee of Kutztown University*; and<br>KUTZTOWN UNIVERSITY, Defendants. | : | |

**O P I N I O N**

**Defendants' Motion to Dismiss, ECF No. 13—Granted in Part**

**Joseph F. Leeson, Jr.**                                                                           **March 7, 2019**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff has brought this action against his employer (a food services provider), the public university to which he was assigned through the food services provider, and employees of the university based on the circumstances surrounding his termination. Plaintiff has asserted claims for sex-based discrimination in violation of Title VII, other civil rights violations, and negligent supervision. The food services provider, public university, and employees have moved

---

[1]    Defendants state that Elizabeth Pflugler is identified in the amended complaint as John Doe.

to dismiss the claims in their entirety under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion to dismiss is granted in part.

## II. BACKGROUND[2]

Defendant Aramark Campus LLC contracted with Defendant Kutztown University, a public university within the Pennsylvania State System of Higher Education (PASSHE), to provide dining services for Kutztown. In connection with that contract Aramark employed Plaintiff Scott Moyer, a gay male, for slightly more than eight years at Kutztown. Moyer was employed as Director of Retail until his termination. In this position he oversaw retail food locations at Kutztown.

On September 26, 2017, Christopher Wallace and Kyle Zimmerman, two Aramark supervisory employees, met with Moyer to discuss a naked photograph[3] of him that Aramark received from Defendant Kent Dahlquist, Director of Housing and Dining Service at Kutztown. Dahlquist had received the photograph from Defendant Elizabeth Pflugler, Kutztown's director

---

[2] The background information in this section is taken from the amended complaint and is set forth as if true solely for purpose of analyzing the pending motion to dismiss. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Only the facts relevant to the Court's analysis have been included.

[3] The parties disagree on what is depicted in the photograph. The amended complaint originally describes the photograph to be "sexually explicit." Am. Compl. ¶ 9, ECF No. 12. Later, this description is expanded, and it is alleged that the photograph is of Moyer "engaged in gay sex." Am. Compl. ¶ 53. In their brief, Defendants contend that the photograph is a "naked selfie" that Moyer took in a bathroom mirror. Supp. Mem. 1 n.2, ECF No. 13-1. Defendants assert that the amended complaint appears to conflate the photograph with an earlier incident that occurred in February 2017, not mentioned in the amended complaint, where Aramark learned of a video posted to a website that showed Moyer engaging in sexual acts with a man who is not believed to be a Kutztown student. Kyle Zimmerman, an Aramark supervisory employee, discussed the video with Moyer but did not treat the video as a disciplinary issue. *Id.* Counsel for Plaintiff does not dispute this assertion. He states in his brief that he has not seen the alleged photograph and any attempt to describe it would be mere speculation on his part. Opp'n Mem. 3 n.1, ECF No. 14-1.

of Business Services. Dahlquist and Pflugler were supervised by Defendant Gerald Silberman, Kutztown's Vice President of Administration and Finance. During the meeting, Wallace and Zimmerman suspended Moyer pending an investigation into the photograph.

The investigation took three days and Wallace scheduled a conference call to discuss the results of the investigation with Moyer for October 2, 2017. During the conference called, Wallace and Zimmerman informed Moyer of Aramark's decision to terminate his employment. They terminated Moyer because he violated a company policy—one Moyer alleges is non-existent.

Defendants clarify in their brief that sometime during September 2017 Moyer shared the photograph with at least one Kutztown student. The photograph was then brought to the attention of Pflugler. She had learned about the photograph after it was reported to her that a female student had complained about receiving it. Pflugler then shared the photograph with Dahlquist. After learning about the photograph, Dahlquist reported it to Wallace, Aramark's director of Operations and General Manager of the Kutztown account. Defendants also mention how during the meeting with Wallace and Zimmerman, Moyer admitted to sending photographs to Kutztown students and having sexual relations with Kutztown students. This admission was allegedly the ultimate reason for Moyer's termination.

Moyer filed his original complaint in May 2018. After counsel conferred about Defendants' intent to file a motion to dismiss, Moyer filed an amended complaint. The amended complaint includes six counts: (1) a claim for sex discrimination in violation of Title VII against Aramark (Count I); (2) a claim for a conspiracy to deprive Moyer of rights guaranteed by the constitution, federal statutes, or both in violation of 42 U.S.C. § 1985(3) against Dahlquist and Pflugler (Count II); (3) a claim for sex discrimination under color of state law in violation of 42

U.S.C. § 1983 against Dahlquist and Pflugler (Count III); (4) a claim for failure to prevent the conspiracy to deprive Moyer of rights in violation of 42 U.S.C. § 1986 against Kutztown and Silberman (Count IV); (5) a claim for negligent supervision under state common law against Aramark (Count V); and (6) a claim for negligent supervision under state common law against Kutztown (Count VI). Am. Compl., ECF No. 12.

Defendants move to dismiss the amended complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6).

**III.   LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for its "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Rules generally demand "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002) (internal quotations omitted)). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

IV. ANALYSIS

A. **Title VII Claim**

In Count I, Moyer alleges that Aramark discriminated against him based on his failure to conform to Aramark's vision of how a man should conduct himself sexually and because of a consensual homosexual relationship in violation of Title VII. Defendants argue that this claim fails because Moyer has not identified any facts to show that any Aramark employee involved in the decision to terminate his employment had a discriminatory bias against him because of his sexual orientation or his same sex relationships.

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Moyer contends that he has pled sufficient factual allegations to support a *prima facie* case for discrimination under the burden-shifting framework established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

To establish a *prima facie* case of sex discrimination, the *McDonnell Douglas* framework requires Moyer to sufficiently plead that: (1) he was a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) members of the opposite sex were treated more favorably or the adverse employment action "occurred under circumstances that could give rise to an inference of intentional discrimination." *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013) (citing *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008)). In a gender discrimination claim, once the plaintiff makes out the *prima facie* case, the burden then shifts to the defendant to offer a legitimate non-discriminatory justification for the adverse employment action. *Id.*

Two circuits have extended Title VII's protections to prohibit discrimination based on sexual orientation—the United States Courts of Appeals for the Second and Seventh Circuits. *Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2d Cir. 2018); *Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339 (7th Cir. 2017). Most other circuits, however, including the United States Court of Appeals for the Third Circuit, have concluded that "Title VII does not prohibit discrimination based on sexual orientation." *Kay v. Indep. Blue Cross*, 142 F. App'x 48, 49 (3d Cir. 2005) (citing *Bibby v. Phila. Coca Cola Bottling Co.*, 260 F.3d 257, 261 (3d Cir. 2001)); *see also Zarda*, 883 F.3d at 155 n.25 (Lynch, J., dissenting) (listing the other circuits that had considered the question and concluded that Title VII does not prohibit sexual orientation discrimination).

Although Title VII does not prohibit discrimination based on sexual orientation, the Third Circuit Court of Appeals has ruled that discrimination based on nonconformity to gender stereotypes is sex-based discrimination prohibited by Title VII. *Bibby*, 260 F.3d at 262-63; *see*

*also Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285, 289 (3d Cir. 2009); *Kay*, 142 F. App'x at 49.

At the pleading stage, a plaintiff must only plead sufficient facts to state a plausible claim for relief under the *McDonnell Douglas* framework. "[A]t least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016).

The parties dispute whether Moyer has alleged sufficient facts to show improper sex-based discrimination. As an initial matter, because of binding precedent, the Court must reject any assertion that alleged discrimination based on sexual orientation alone is actionable. Discrimination based on sexual orientation is offensive, but case law in this circuit is clear. *See Kay*, 142 F. App'x at 49 ("Title VII does not prohibit discrimination based on sexual orientation."); *see also Guess v. Phila. Hous. Auth.*, No. 18-cv-2948, 2019 U.S. Dist. LEXIS 11645, at *13 (E.D. Pa. Jan. 24, 2019) (discussing at length the Third Circuit Court of Appeals' decision in *Bibby* and the question of whether sexual orientation discrimination is necessarily a form of sex discrimination). Therefore, to survive the motion to dismiss, Moyer's amended complaint must plead sufficient facts to state a plausible claim for discrimination based on gender stereotypes. *See Prowel*, 579 F.3d at 290 ("[E]mployees may . . . raise a Title VII *gender stereotyping* claim, provided they can demonstrate that their harasser was acting to punish their noncompliance with gender stereotypes." (internal quotations omitted)).

Moyer's brief explains that he believes he was discriminated against because of gender stereotyping and his sexual orientation. It also addresses Defendants' arguments regarding the lack of a comparator. However, this does not change the fact that his amended complaint only makes conclusory statements regarding a possible discriminatory reason for his termination and

7
030619

does not allege sufficient information suggesting circumstances that would give rise to an inference that Aramark fired Moyer to punish his noncompliance with gender stereotypes.

Moyer states in his amended complaint that he "was terminated for not conforming to Aramark's vision of how a man should conduct [himself] sexually and because of a consensual homosexual relationship," Am. Compl. ¶ 41, and that "the reason given to [him] for his discharge was pretextual. [He] was actually terminated because of his failure to conform to Aramark's vision of male gender roles and because of sex." Am. Compl. ¶ 43. Moyer cites no facts—such as remarks, comments, complaints, or writings—from which this alleged discrimination may be inferred. *See Danao v. ABM Janitorial Servs.*, No. 14-cv-6621, 2015 U.S. Dist. LEXIS 65418, at *30 (E.D. Pa. May 18, 2015). He only generally alleges that employees engaged in heterosexual relationships were treated differently. Am. Compl. ¶ 44. Ultimately, Moyer has not pled facts with at least a modicum of specificity suggesting circumstances that could give rise to an inference of intentional discrimination by Aramark employees based on Moyer not acting in accordance with gender stereotypes and norms. Pleading conclusory statements regarding what Moyer believes to be discriminatory reasons for his termination cannot be substituted in place of pleading sufficient plausible factual material suggesting circumstances that could give rise to an inference of intentional discrimination. Therefore, the Court will grant Defendants' motion with respect to Count I, but will grant Plaintiff leave to file a second amended complaint.

### B. Civil Rights Claims

In Counts II, III, and IV, Moyer asserts various civil rights claims against Dahlquist, Pflugler, and Silberman (the "Individual Defendants"), in their official and personal capacities,

and against Kutztown. Defendants contend that Eleventh Amendment immunity bars these claims.

Courts have interpreted the Eleventh Amendment of the United States Constitution to provide states—and, by extension, state agencies, departments, and officials—general immunity from suit by private parties in federal court. *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). "The state university system, PASSHE, is one of these instrumentalities entitled to state sovereign immunity." *Bartlett v. Kutztown Univ.*, No. 13-4331, 2015 U.S. Dist. LEXIS 21665, at *11 (E.D. Pa. Feb. 23, 2015) (citing *Skehan v. State Sys. of Higher Educ.*, 815 F.2d 244, 249 (3d Cir. 1987)). University employees acting in their official or professional capacities are also entitled to state sovereign immunity. *Butch v. Morales*, No. 15-cv-2514, 2016 U.S. Dist. LEXIS 130203, at *12 (E.D. Pa. Sep. 23, 2016) (citing *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 241 (3d Cir. 2010)); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."). However, where university employees or other state officials act in their personal capacities, the Eleventh Amendment does not bar suit. *Butch*, 2016 U.S. Dist. LEXIS 130203, at *11 (citing *Hafer*, 502 U.S. at 25).

Here, Moyer's amended complaint lists as defendants: Aramark, Kutztown, and the Individual Defendants in their official and personal capacities. Eleventh Amendment immunity bars Moyer's suit against Kutztown and the Individual Defendants in their official capacity. Therefore, at this point, the Court will grant dismissal of claims against Kutztown and the Individual Defendants in their official capacity.

Because suit against Kutztown and the Individual Defendants in their official capacity is barred by the Eleventh Amendment, the next question for the Court's consideration is whether

Moyer properly pled claims against the Individual Defendants in their personal capacities. "[I]n order to determine whether a plaintiff sued a defendant in his personal capacity, official capacity, or both, the Court must look to the complaint and the course of proceedings." *Butch*, 2016 U.S. Dist. LEXIS 130203, at *13 (citing *Atwell v. Schweiker*, 274 F. App'x 116, 118 (3d Cir. 2007)). A mere invocation of "individual capacity" in a complaint is not necessarily determinative on whether a plaintiff sued the defendant in his personal capacity if it is clear that the substance of the allegations is against the defendant for actions taken in his official capacity. *See Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261, 270 (1997) ("The real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading."). In response to the motion to dismiss, Moyer contends that the claims here are against the Individual Defendants in their personal capacities.

The Court acknowledges the caption for Moyer's amended complaint which lists as defendants: Aramark, Kutztown, and the Individual Defendants in their official and personal capacities. Likewise, in the prayer for relief in Count IV, Moyer requests a judgment against Silberman individually and as an employee of Kutztown.[4] Besides these brief references asserting claims against the Individual Defendants partially in their personal capacities, the amended complaint, when read as a whole, alleges instances of the Individual Defendants acting in their official capacities and indicates an intention to sue the Individual Defendants in their official capacities.

---

[4] Although Moyer purports to assert claims against Dahlquist and Pflugler in their personal capacities in Counts II and III, he does not include similar language stating such in his prayer for relief on those Counts as he does for Count IV. This belies his argument further that the claims here are against the Individual Defendants in their personal capacities.

10
030619

After reviewing the amended complaint, the Court concludes that Moyer's civil rights claims, as pled, are brought against the Individual Defendants in their official capacities only. Although Moyer purports to assert these claims against the Individual Defendants in their official and personal capacities, the substance of his amended complaint details a different account. All of the allegations in Moyer's amended complaint describe actions taken by the Individual Defendants in their official roles and are devoid of factual material suggesting that the Individual Defendants acted in a personal capacity. Because the civil rights claims here are brought against the Individual Defendants in their official capacities, the Eleventh Amendment bars them. Accordingly, the Court will dismiss Counts II, III, and IV. However, the Court will grant Plaintiff leave to file a second amended complaint against the Individual Defendants in their personal capacities.[5]

## C. Negligent Supervision Claims

After dismissing Counts I–IV, the only remaining claims are state law claims. The Court will hold Defendants' motion to dismiss on these Counts in abeyance pending the filing of a second Amended Complaint, if any.[6]

---

[5] While the failure to actually plead claims against the Individual Defendants in their personal capacities is sufficient for the Court to dismiss the civil rights claims, it is worth noting that Defendants are also correct that had the claims been properly pled against the Individual Defendants in their individual capacity, they would also fail because Moyer has not pled sufficient factual allegations to establish many of the required elements for claims under sections 1983, 1985(3), and 1986.

[6] The Court has the discretion to refuse to exercise supplemental jurisdiction and dismiss the remaining state claims to be refiled in the proper state forum. *See Gallo v. Wash. Cnty.*, No. 08-cv-0504, 2009 U.S. Dist. LEXIS 7958, at *27-30 (W.D. Pa. Feb. 4, 2009); *Atkinson v. Olde Economie Fin. Consultants, Ltd.*, No. 2:05-cv-772, 2006 U.S. Dist. LEXIS 54289, at *3-9 (W.D. Pa. Aug. 4, 2006).

## V. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted in part. The Court will allow Moyer leave to file a second amended complaint with respect to Counts I–IV.[7] A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[7] With respect to Kutztown or the Individual Defendants in their professional capacities, the Court does not grant Moyer leave to amend his civil rights claims in Counts II, III, and IV, because the Eleventh Amendment provides immunity.